**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Anderson & Koch Ford, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Ford Motor Company, <br><br> Defendant. | Case No. 0:23-cv-00762 <br><br> **DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL** |

Defendant Ford Motor Company ("Ford"), by its counsel, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as Case No. 13-CV-23-158 of the District Court of for Tenth Judicial District, Chisago County, Minnesota. In support of this removal, Ford states as follows:

## I. THE REMOVED CASE

1. The removed case is a civil action commenced in the District Court for the Tenth Judicial District, Chisago County, Minnesota by Plaintiff Anderson & Koch Ford, Inc. against Ford, entitled *Anderson & Koch Ford, Inc. v. Ford Motor Company*, Case No. 13-CV-23-158 (the "State Action").

2. Plaintiffs served Ford with the State Action on February 27, 2023, asserting violations of Minn. Stat. § 80E.13(k), Minn. Stat. § 80E.13(p), Declaratory Judgment, and Breach of the Covenant of Good Faith and Fair Dealing. *See* Complaint.

## II. PROCEDURAL REQUIREMENTS

3. Ford has thirty (30) days from the date of service or receipt of a copy of the

4853-4153-2762.1

Complaint to remove a case. 28 U.S.C. § 1446(b). Ford was served with a copy of the Complaint on February 27, 2023. This Notice of Removal is therefore timely filed.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Ford's possession are contained in **Exhibit A** filed herewith.

5. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the District of Minnesota because this district embraces the place in which the removed action has been pending.

6. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the District Court for the Tenth Judicial District, Chisago County, Minnesota promptly after filing of same in this Court.

7. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

8. If any question arises as to the propriety of the removal of this action, Ford requests the opportunity to conduct discovery, brief any disputed issues, and to present oral argument in favor of its position that this case is properly removable.

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III. DIVERSITY OF CITIZENSHIP EXISTS

10. Plaintiff is and was at the time of filing of the Complaint, a citizen and resident of Minnesota. (Compl. ¶ 5).

11. Ford is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan. This Court can take judicial notice of these facts. (Compl. ¶ 7). *See* Excerpt from Ford's 2022 Form 10-K filing, attached as **Exhibit B**; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

12. For the reasons stated above, there is diversity of citizenship between Plaintiff, Minnesota citizens, and Ford, a citizen of Michigan and Delaware.

### IV. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

13. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

14. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The party seeking to remove a matter to federal court "bears the burden of establishing that the amount in controversy requirement has been met." *MCC Mortg. LP v. Office Depot, Inc*., 665 F. Supp. 2d 939, 942 (D. Minn. 2010). Generally, the amount claimed by a plaintiff in the Complaint controls the amount in controversy determination. Where a plaintiff seeks to recover an unspecified amount that is not evident from the face of the complaint, the defendant

3

satisfies its burden when it demonstrates that the claims pled "could, that is might, legally satisfy the amount in controversy requirement." *Id*. at 942 *(citing James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005).

15. Ford disputes that it is liable for any damages whatsoever to Plaintiffs. Nevertheless, Ford can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard.

16. In the case at bar, Plaintiff seeks both monetary and injunctive relief. Plaintiff alleges violations of Minn. Stat. § 80E.13(k), Minn. Stat. § 80E.13(p), and a Breach of the Covenant of Good Faith and Fair Dealing. (Compl. ¶¶ 51-62, 68-73).

17. Plaintiff alleges that it suffered unidentified damages as a result of Ford's conduct. (Compl. ¶ 56, 62, and 73). Plaintiff also seeks an award of attorneys' fees and cost. (*Id.*). Although Plaintiff does not specifically quantify these damages, it is more likely than not that the amount in controversy exceeds $75,000.00.

18. Plaintiff also seeks injunctive relief. "In actions for declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation." *James Neff Kramper Family Farm Partnership v. IBP, Inc.,* 393 F.3d 828, 833 (8th Cir. 2005). Here, Plaintiff seeks injunctive relief preventing, in part, Ford from opening a new Ford dealership. (Compl. ¶ 67). Ford contends this action alone would likely meet the amount in controversy threshold.

19. Accordingly. the total amount in controversy exceeds $75,000.00 for purposes of removal. The amount in controversy is satisfied.

## V.     CONCLUSION

20.    The State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the District of Minnesota; (ii) the action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000.00.

**NILAN JOHNSON LEWIS PA**

Dated: March 29, 2023     By: *s/ Chelsea E. Vilchis*
Sheila T. Kerwin (#220309)
Chelsea E. Vilchis (#402156)
250 Marquette Avenue S., Suite 800
Minneapolis, MN 55401
Telephone: (612) 305-7500
Fax: (612) 305-7501
E-mail: skerwin@nilanjohnson.com
E-mail: cvilchis@nilanjohnson.com

***Attorneys for Defendant Ford Motor Company***

4853-4153-2762.1