UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Anderson & Koch Ford, Inc.,<br><br>      Plaintiff,<br><br>vs.<br><br>Ford Motor Company,<br><br>      Defendant. | Civ. No. 0:23-cv-00762 (PJS/DTS)<br><br>**RULE 26(F) REPORT** |

The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules on **July 19, 2023**, and prepared the following report.

The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for **August 1, 2023**, at **10:00 a.m.** before United States Magistrate Judge David T. Schultz in Courtroom 9E, United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

Counsel have reviewed the amendments to the Federal Rules of Civil Procedure effective December 1, 2015 and are familiar with the amendments.

## TRIAL BY MAGISTRATE JUDGE

28 U.S.C. § 636(c) permits parties to consent to the jurisdiction of the magistrate judge for all pre-trial and trial proceedings. Parties who consent to the magistrate judge **do not** waive their right to a jury trial or their right to appeal directly to the Eighth Circuit from any judgment that is entered. They will also retain the ability to engage in a settlement conference presided over by a magistrate judge in this district. If the parties consent and to the magistrate judge they may request a date certain for trial set at the Rule 16 conference, and a date certain for trial will be set at that time.

The parties **do not** consent to jurisdiction of the magistrate pursuant to 28 U.S.C. § 636(c).

The parties **do not** wish to receive a date certain for trial at the Rule 16(a) conference.

## DESCRIPTION OF THE CASE

1. Concise factual summary of Plaintiff's claims:

For nearly 60 years, Anderson & Koch, a three-generation, family-owned Ford dealership has served North Branch, Minnesota and the surrounding communities within a locality designated by Ford as Anderson & Koch's area of sales and service responsibility. In reliance on this Ford-assigned "Dealer's Locality," Anderson & Koch has, over the years, made significant investments necessary to meet or exceed all of its sales and service obligations to Ford. These significant

investments of time, money and resources have touched every facet of this local, family-owned business.

Yet notwithstanding these substantial investments, and its longstanding partnership with Anderson & Koch, Ford has advised of its intent to unilaterally eliminate half of all census tracts within Anderson & Koch's Dealer's Locality. Worse, Ford intends to reallocate those same census tracts to a new, to-be-constructed dealership that Ford plans to approve within the boundaries of Anderson & Koch's current Dealer's Locality. If allowed to proceed with its plan, Ford's proposed change will cause Anderson & Koch to suffer severe market-compression and lose its relative proximity advantage (and, in turn, sales and profits) with respect to 42%-57% of the registrations within its current census tracts. The proposed change will not only substantially impair Anderson & Koch's investments and sales and service obligations, but it will create an existential threat to the future viability of the business.

Ford's proposed change is unlawful and violates the express terms of the Minnesota Motor Vehicle Sale and Distribution Act, legislation that was specifically enacted to address the uneven bargaining power between automotive manufacturers and their dealers. The Minnesota Motor Vehicle Sale and Distribution Act prohibits precisely what Ford purports to do here—use otherwise unbridled economic leverage afforded to it under dealer agreements to arbitrarily terminate or modify its dealer's area of sales effectiveness. Among other things, Ford's proposed change violates: (i) Minn. Stat. § 80E.13(k) by substantially impairing the sales, service obligations and investments of Anderson & Koch; and (ii) Minn. Stat. § 80E.13(p) because it is arbitrary and made without due regard to the current pattern of motor vehicle sales in Minnesota. It also constitutes a breach of the covenant of good faith and fair dealing implied within Anderson & Koch's dealer agreement with Ford.

2. Concise factual summary of Defendant's claims/defenses:

Ford understands Plaintiff's Complaint to be an attempt to prevent the opening of a new Ford dealership well outside of Plaintiff's statutory relevant market area and that claims relating to that contention should be dismissed because the statutes relied upon by Plaintiffs do not allow for challenges to Ford's appointment of a new dealer.

If Plaintiff still wishes to proceed on its claims that Ford's noticed revisions to Plaintiff's locality/area of responsibility violate the cited statutes, Ford believes that the proposed changes are justified under its uniform method of drawing dealer locality lines and compliant with all statutory requirements. Ford's localities are uniformly determined areas, invisible to the public, created by assigning census tracts, which are established by the federal government, using census data, to the closest Ford dealer, in the absence of any boundaries that would impact customer access. The locality change here merely reflects the addition of the new dealer and any changes from the 2020 census, and will allow for fairer assessment of dealer performance – without changing the customers to which a dealer may sell or the customers' vehicles it may service.

In addition, Ford does not concede that any change to Plaintiff's locality is a modification of Plaintiff's Ford Sales and Service Agreement, as Ford's Sales and Service Agreement specifically allows for locality modifications. Furthermore, even if Plaintiff is successful on one

or both of those statutory claims, Plaintiff will only retain its current locality and assume sales and service performance obligations for geography that is located more closely to another dealer.

Ford did not act in bad faith in exercising its discretion under Plaintiff's Ford Sales and Service Agreement in appointing a new dealer in Plaintiff's current locality. Empirical data supports the need for a new dealer and demonstrates that Plaintiff is not currently adequately serving the market at issue. Ford has no ill-will against Plaintiff and approved the appointment based on these current market conditions. Furthermore, Ford denies that Plaintiff will suffer any damages based on the appointment of the new dealer at its currently proposed location.

3. Statement of jurisdiction (including statutory citations):

Diversity of citizenship, 28 U.S.C. §§ 1332, 1446.

4. Summary of factual stipulations or agreements: N/A

5. Statement of whether a jury trial has been timely demanded by any party:

Anderson & Koch timely demanded a jury trial within its state-court complaint, which Ford removed to this Court, as to all issues so triable.

6. Statements as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

The parties do not agree to resolve the matter under the Rules of Procedure for Expedited Trials.

## PLEADINGS

Statement as to whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action:

Anderson & Koch's state-court complaint was removed to this Court, and Ford's motion to dismiss is under advisement. As a result, Ford has not answered Anderson & Koch's complaint. At this time, Anderson & Koch has not made a determination as to whether it will amend its complaint or add additional parties.

## FACT DISCOVERY

The parties request the Court to establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before <u>August 14, 2023</u>. If the parties include a description by category and location of documents, they agree to produce copies of the documents identified within 45 days after their respective initial disclosures are served. To the extent any of the documents identified are deemed confidential by the producing party they will be

3

    produced after entry of a suitable Protective Order governing the use and disclosure of confidential information.

2. The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by <u>N/A</u>.

3. The parties must commence fact discovery procedures in time to be completed by <u>March 15, 2024</u>.

4. The parties have discussed the scope of discovery, including relevance and proportionality, and propose that the Court limit the use and numbers of discovery procedures as follows:

    a. <u>35</u> interrogatories per side;

    b. <u>50</u> document requests per side;

    c. <u>50</u> requests for admission per side. The parties have discussed a protocol for the authentication of documents and agree on the following: Requests to authenticate documents under Fed. R. Civ. P. 36 will **not** count toward this limit;

    d. <u>10</u> factual depositions per side;

    e. <u>0</u> Rule 35 medical examinations; and

    f. The parties have discussed the topic of Rule 30(b)(6) deposition practice and have made the following agreements: The parties anticipate that fact depositions will include depositions under Fed. R. Civ. P. 30(b)(6). The parties propose the following deadline for the service of deposition notices and subpoenas under Rule 30(b)(6): February 23, 2024. The parties agree that any such notice or subpoena should be served at least 21 days before the scheduled deposition date. The parties further agree that each party will be limited to one corporate representative deposition of the other party under Fed. R. Civ. P 30(b)(6). The corporate representative deposition is limited to a total of 7 hours as set forth in Fed. R. Civ. P 30(d)(1). No additional corporate representative depositions of a party shall be allowed without a showing of good cause or by agreement of the parties.

### EXPERT DISCOVERY

1. The parties anticipate that they will require expert witnesses at the time of trial.

    a. The Plaintiff anticipates calling <u>2</u> experts in the fields of: damages and motor vehicle dealer networks and franchises.

    b. The Defendant anticipates calling <u>2</u> experts in the fields of: motor vehicle dealer franchises.

4

4855-3850-5842.1

2. The parties propose that the Court establish the following plan for expert discovery:

   a. Expert Disclosures

      (i) The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion, and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C), must be served on or before <u>April 5, 2024</u>.

      (ii) The identity of any expert who may testify at trial in rebuttal to any expert disclosure made pursuant to the foregoing paragraph, and the written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) and/or the disclosure required by Fed. R. Civ. P. 26(a)(2)(C), must be served on or before <u>May 3, 2024</u>.

3. All expert discovery, including expert depositions, must be completed by <u>June 7, 2024</u>.

## OTHER DISCOVERY ISSUES

1. Protective Order

   The parties have discussed whether they believe that a protective order is necessary to govern discovery and jointly submit a proposed **Stipulation for Protective Order**. The parties request the court's assistance in resolving their disagreement over the inclusion of the redlined language in the proposed Stipulation for Protective Order. Local Rule 5.6 governs filing under seal. Therefore, any proposed protective order must include the following provisions: All counsel acknowledge they have reviewed Local Rule 5.6 which governs filing under seal, which procedures are incorporated herein by reference.

2. Discovery of Electronically-Stored Information The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues: The parties intend to submit an **Electronic Discovery Agreement** consistent with the timeline proposed below.

   The parties will further meet and confer by <u>August 15, 2023</u>, to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by <u>August 29, 2023</u>.

3. Claims of Privilege or Protection

   The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D),

5

including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502 and the parties will include their agreement in the proposed Protective Order. The parties do not anticipate any issues relating to claims of privilege or of protection as trial preparation materials in this matter. The parties agree that no party is required to conduct a search or prepare a privilege log for any discovery request or portion thereof to which objections have been made based on the scope or burden of the request at issue until the objections have been overruled and the right to object based on the attorney-client privilege or work product doctrine is preserved until that time. In the event a party withholds specific documents based on a claim of privilege or work product, a privilege log is required. The parties further agree that there is no duty to include on any privilege log, communications between a party and its outside legal counsel to the extent such communications are protected by the attorney-client privilege and were made after the filing of the original complaint in this matter. Supplemental privilege logs may be provided as discovery continues. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall have the opportunity to respond.

## MOTION SCHEDULE

The parties propose the following deadlines for filing motions:

1. Motions seeking to join other parties must be filed and served by December 1, 2023.

2. Motions seeking to amend the pleadings must be filed and served by December 1, 2023.

3. Non-Dispositive Motions

    a. All non-dispositive motions relating to *fact* discovery must be filed and served by March 29, 2024.

    b. All other non-dispositive motions, including motions relating to *expert* discovery, must be filed and served by June 14, 2024.

4. Dispositive Motions: All dispositive motions must be served and filed by June 28, 2024.

## TRIAL

1. The parties agree that the case will be ready for trial on or after October 7, 2024.

2. The anticipated length of the jury trial is 8 days.

6

4855-3850-5842.1

**INSURANCE CARRIERS/INDEMNITORS**

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the Defendant is self-insured.

Based on the allegations in the Complaint, Ford does not have insurance applicable to this lawsuit.

**SETTLEMENT**

The parties have discussed settlement before or at the Rule 26(f) meet-and-confer and each party will e-mail a confidential letter setting forth what settlement discussions have taken place and whether the parties believe an early settlement conference would be productive.

The parties propose that a voluntary settlement conference or private mediation be scheduled to take place after the completion of fact discovery on March 14, 2024.

Dated:   July 25, 2023                              **TAFT STETTINIUS & HOLLISTER LLP**

By: */s/ Jordan L. Weber*
      Aaron G. Thomas (#0389011)
      athomas@taftlaw.com
      Jordan L. Weber (#0396769)
      jweber@taftlaw.com
      Yuka Shiotani (#401989)
      yshiotani@taftlaw.com
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402-2210
Telephone:    (612) 977-8400
Facsimile:     (612) 977-8650

*Counsel for Plaintiff Anderson & Koch Ford*

**BAKER & HOSTETLER LLP**

By: /s/ *Jeremiah J. Wood*
Elizabeth A. McNellie (Admitted pro hac vice)
Jeremiah J. Wood (Admitted pro hac vice)
200 Civic Center Drive, Suite 1200 Columbus, OH 43215-4138
Telephone:     (614) 228-1541
Facsimile:      (614) 462-2616
emcnellie@bakerlaw.com
jjwood@bakerlaw.com

   Sheila T. Kerwin (#220309)
   Chelsea E. Vilchis (#402156)

7

**NILAN JOHNSON LEWIS PA**
250 Marquette Avenue S., Suite 800
Minneapolis, MN 55401
Telephone: (612) 305-7500
Fax: (612) 305-7501
skerwin@nilanjohnson.com
cvilchis@nilanjohnson.com

*Counsel for Defendant Ford Motor Company*

8

4855-3850-5842.1