UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ANDERSON & KOCH FORD, INC., | Case No. 23-CV-0762 (PJS/DTS) |
| Plaintiff, | |
| v. | ORDER |
| FORD MOTOR COMPANY, | |
| Defendant. | |

Aaron G. Thomas, TAFT STETTINIUS & HOLLISTER LLP, for plaintiff.

Elizabeth A. McNellie, BAKER & HOSTETLER LLP, for defendant.

Plaintiff Anderson & Koch Ford, Inc. ("Anderson & Koch") filed this lawsuit mainly to prevent defendant Ford Motor Company ("Ford") from establishing a new Ford dealership that will likely compete with Anderson & Koch. The matter is now before the Court on Ford's motion to dismiss the complaint. ECF No. 13. For the reasons that follow, the Court grants Ford's motion in part and denies it in part.

I. BACKGROUND

Anderson & Koch has operated an automobile dealership in North Branch, Minnesota for nearly 60 years pursuant to a service-and-sales agreement with Ford ("Dealer Agreement"). Compl. ¶¶ 12–15, ECF No. 1-1. Under the Dealer Agreement, Anderson & Koch is assigned a geographic area—referred to as the "Dealer's Locality"—and Ford uses the Dealer's Locality to measure Anderson & Koch's sales

effectiveness.  *See* Compl. ¶ 14.  The Dealer Agreement explicitly gives Ford the discretion to modify the Dealer's Locality from time to time.  *See* Compl. Ex. A ¶ 1(j).  Until recently, Anderson & Koch's Dealer Locality included 18 census tracts in and around North Branch, but in November 2022, Ford informed Anderson & Koch that Ford intended to remove nine of those 18 tracts.  *See* Compl. ¶¶ 21–25.  Ford plans to assign the nine removed tracts to a new dealership that Ford intends to establish in Forest Lake, Minnesota, which is about 27 miles from North Branch.  *See* Compl. ¶ 22.

Anderson & Koch objected in writing to both the reallocation of its census tracts and the establishment of the new dealership.  *See* Compl. ¶ 26.  In February 2023, Anderson & Koch brought this suit in state court to block Ford from implementing the proposed changes.  *See* Compl. 22.[1]  Anderson & Koch brought four claims against Ford: one for unfairly modifying a franchise in violation of Minnesota's Motor Vehicle Sale and Distribution Act ("MVSDA"), Minn. Stat. § 80E.13(k); one for arbitrarily assigning an area of sales effectiveness in violation of the MVSDA, *id.* § 80E.13(p); one for a declaratory judgment; and one for breach of the implied covenant of good faith and fair dealing.  *See* Compl. ¶¶ 51–73.  For relief, Anderson & Koch seeks injunctions against

---

[1]When citing to pages of the complaint, the Court will cite to the page numbers generated by the Court's electronic docketing system rather than the document's internal pagination.

both the reallocation of its census tracts and the establishment of the new dealership, as well as declaratory and monetary relief.  *See* Compl. 21.

Ford removed the case to this Court, *see* Notice of Removal, ECF No. 1, and now moves to dismiss the complaint in its entirety.

## II.  ANALYSIS

### A.  Standard of Review

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *See Du Bois v. Bd. of Regents*, 987 F.3d 1199, 1202 (8th Cir. 2021).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

### B.  Sufficiency of Allegations

The MVSDA regulates the relationship between automobile dealers and manufacturers.  *See generally* Minn Stat. Ch. 80E.  The MVSDA deems a number of practices by automobile manufacturers to be "unfair" and thus unlawful.  § 80E.13.  Of particular relevance to this case, § 80E.13(k) prohibits a manufacturer from modifying

or replacing a "franchise" (which is defined as "the written agreement" between an automobile manufacturer and dealer, § 80E.03, subd. 8) if the succeeding franchise would "adversely alter the rights or obligations" or "substantially impair[] the sales or service obligations or investments" of the dealer. § 80E.13(k). In addition, § 80E.13(p) forbids a manufacturer from arbitrarily changing a dealer's "area of sales effectiveness," which is defined as the geographic area for which a dealer is responsible under its franchise agreement. *See* § 80E.03, subd. 10b.[2] And § 80E.14, subd. 1, sets forth the procedure that an existing dealer must use when challenging a manufacturer's decision to establish a new dealership within the existing dealer's "relevant market area," defined to mean the "radius of ten miles around an existing dealership."

Anderson & Koch's primary goal in filing this lawsuit is to block the establishment of the new (and competing) Ford dealership in Forest Lake. Each of Anderson & Koch's counts seeks some form of injunction against the new dealership, *see, e.g.*, Compl. ¶¶ 56, 62, 67, 73, and Anderson & Koch's allegations largely focus on the harm that it expects to suffer as a result of the new competitor. *See, e.g.*, Compl. ¶ 39 ("Anderson & Koch will experience alarming market-compression and lose its relative proximity advantage with respect to 42%-57% of the [vehicle] registrations . . . within its

---

[2]The parties here agree that the phrase "Dealer's Locality" in the Dealer Agreement, *see* Compl. Ex. A ¶ 1(j), is coterminous with the phrase "area of sales effectiveness" as defined in § 80E.03, subd. 10b.

current census tracts."). Anderson & Koch has not, however, invoked § 80E.14, undoubtedly because that section plainly does not give Anderson & Koch the right to block Ford's proposed new dealership. Section 80E.14 gives existing dealers such as Anderson & Koch only the right to block proposed new dealerships within 10 miles, *see* § 80E.14, subd. 1, but Ford's proposed new dealership would be over 25 miles away from Anderson & Koch's existing dealership.

In this lawsuit, Anderson & Koch is essentially trying to do an end run around § 80E.14's restrictions by relying on § 80E.13(k), which, as noted above, prohibits a manufacturer from modifying or replacing a "franchise" if the succeeding franchise would "adversely alter the rights or obligations" or "substantially impair[] the sales or service obligations or investments" of the dealer. Anderson & Koch argues that, as a practical matter, Ford's establishing the new dealership in Forest Lake will make it more difficult for Anderson & Koch to fulfill its obligations under its Dealer Agreement. But Anderson & Koch ignores a crucial predicate for a § 80E.13(k) claim: The MVSDA is clear that § 80E.13(k) applies only to modifications to a "franchise," and the MVSDA is equally clear that a "franchise" is "the written agreement" between a manufacturer and a dealer. *See* § 80E.03, subd. 8. Thus, even if Anderson & Koch is correct that, as a *practical* matter, the new dealership will make it more difficult for Anderson & Koch to fulfill its obligations under its Dealer Agreement, that does not matter, as Anderson &

Koch does not allege that Ford will be modifying a single word of that agreement. Anderson & Koch has therefore failed to plead a viable claim under § 80E.13(k).

Anderson & Koch also cannot use § 80E.13(p) to block the proposed Forest Lake dealership. That provision prevents a manufacturer from arbitrarily changing or assigning a dealer's area of sales effectiveness. *See* § 80E.13(p). Ford's creation of a new dealership in Forest Lake—the target of this lawsuit—is separate from Ford's decision to change Anderson & Koch's Dealer's Locality. The former, unlike the latter, may not be challenged under § 80E.13(p). In short, Anderson & Koch's complaint does not contain a single viable challenge to Ford's establishment of the new dealership in Forest Lake.

That said, Anderson & Koch has plausibly challenged Ford's decision to change its Dealer's Locality (although that may be of little comfort to Anderson & Koch). Ford has consistently defined Anderson & Koch's Dealer's Locality in writing, and thus a modification of Anderson & Koch's Dealer Locality can plausibly be deemed to be a modification of its franchise for purposes of § 80E.13(k). Moreover, Anderson & Koch has plausibly alleged that the change in its Dealer's Locality will substantially impair its sales and investments in violation of § 80E.13(k). *See* Compl. ¶¶ 38–42 (alleging that loss of territory will require Anderson & Koch to double sales relative to expectations, and that expected decline in net profits will threaten viability of business).

Anderson & Koch also has the right to challenge the change to its Dealer's Locality under § 80E.13(p), as Ford concedes. *See* Def.'s Mem. Supp. Mot. Dismiss 8, ECF No. 15. And finally, Ford pretty much conceded at oral argument that Anderson & Koch has adequately pleaded a claim for breach of the implied covenant of good faith and fair dealing in connection with the change to its Dealer's Locality. The Dealer Agreement is governed by Michigan law. *See* Compl. Ex. A ¶ 32. The general rule in Michigan is that "[w]here a party to a contract makes the manner of its performance a matter of its own discretion, the law does not hesitate to imply the proviso that such discretion be exercised honestly and in good faith." *Burkhardt v. City Nat'l Bank of Detroit*, 226 N.W.2d 678, 680 (Mich. Ct. App. 1975); *see also Stephenson v. Allstate Ins. Co.*, 328 F.3d 822, 826 (6th Cir. 2003) ("An implied covenant of good faith and fair dealing in the performance of contracts is recognized by Michigan law only where one party to the contract makes its performance a matter of its own discretion." (citations omitted)).

As noted above, the Dealer Agreement explicitly gives Ford discretion to modify the Dealer's Locality. *See* Compl. Ex. A ¶ 1(j). Anderson & Koch has alleged that Ford failed to exercise that discretion in good faith, both because Ford's decision to modify Anderson & Koch's Dealer's Locality will make it significantly more difficult for the dealership to meet Ford's sales goals, *see* Compl. ¶¶ 40–42, and because Ford's purpose in changing the Dealer's Locality was to pave the way for a competing dealership that

will threaten the viability of Anderson & Koch.  *See* Compl. ¶¶ 22, 42.  Thus, the complaint asserts a plausible claim that Ford breached the implied covenant of good faith and fair dealing when it exercised its discretion to modify the Dealer's Locality.  *See Burkhardt*, 226 N.W.2d at 680.  Accordingly, Ford's motion to dismiss Anderson & Koch's claims regarding the change to its Dealer's Locality is denied.

      To be clear, though:  Anderson & Koch cannot use § 80E.13(k) or (p) to evade the explicit procedures provided by the Minnesota Legislature for challenging a new dealership.[3]  To hold otherwise would create bizarre consequences.  For example, allowing Anderson & Koch to use § 80E.13(k) or (p) to block the new dealership—and thereby to elide the 30-day limitations period set forth in § 80E.14, subd. 1 for bringing challenges to new dealerships—would mean that Anderson & Koch would have *greater* power to block a new dealership that is *more* than 10 miles away than it would have to block a new dealership that is *less* than 10 miles away.  *See* Compl. ¶ 21 (bringing suit in February 2023 over changes allegedly communicated in November 2022).  That would make no sense, and it would do violence to the scheme prescribed by the Minnesota Legislature after balancing the interests of manufacturers, dealers, and consumers.

---

[3]Anderson & Koch's claim for declaratory relief is predicated on the MVSDA, *see* Compl. ¶¶ 64, 66, and thus it also fails insofar as it seeks a declaration that Ford may not establish the new dealership.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's motion to dismiss for failure to state a claim [ECF No. 13] is GRANTED IN PART AND DENIED IN PART as follows:

1. The motion is GRANTED with respect to Counts I, II, and III of the complaint [ECF No. 1-1] to the extent that those counts seek relief against the proposed new Ford dealership in Forest Lake, Minnesota, and those counts are DISMISSED WITHOUT PREJUDICE insofar as they seek declaratory, injunctive, or monetary relief related to the establishment of the new dealership.

2. The motion is DENIED in all other respects.

Dated:  November 30, 2023     s/Patrick J. Schiltz
                              Patrick J. Schiltz, Chief Judge
                              United States District Court