UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Anderson & Koch Ford, Inc.<br><br>Plaintiff,<br><br>v.<br><br>Ford Motor Company,<br><br>Defendant. | Case No. 0:23-cv-00762 (PJS/DTS)<br><br>**FORD MOTOR COMPANY'S ANSWER** |

Defendant Ford Motor Company ("Ford"), by counsel, hereby answers, numbered Paragraph by numbered Paragraph, the Plaintiff's Complaint as follows:

**FIRST DEFENSE**

1. Ford admits that Plaintiff has been a Ford dealer for decades, with a "Locality" that has changed from time to time, as designated by Ford and as provided in the Sales and Service Agreement between Ford and Plaintiff, as Plaintiff's area of sales and service responsibility. Ford otherwise lacks sufficient information to admit or deny the remaining allegations in Paragraph 1 of the Complaint, and therefore denies them.

2. Ford admits that it notified Plaintiff of a change in Plaintiff's Locality that would remove certain census tracts from Plaintiff's current Locality and that those removed census tracts are slated to be assigned to a new Ford dealer that is constructing a new dealership within the boundary of Plaintiff's current Locality. Ford also admits that it complied with the provisions in the Sales and Service Agreement between Plaintiff and

Ford with respect to the changes in Plaintiff's Locality. Ford otherwise denies the remaining allegations contained in Paragraph 2 of the Complaint.

3. Ford denies the allegations contained in Paragraph 3 of the Complaint.

4. Ford admits that Plaintiff is seeking the relief set forth in Paragraph 4 but denies that Plaintiff is entitled to any such relief and further denies any remaining allegations contained in Paragraph 4 of the Complaint.

5. Ford admits the allegations contained in Paragraph 5 of the Complaint.

6. Ford admits the allegations contained in Paragraph 6 of the Complaint.

7. Ford admits the allegations contained in Paragraph 7 of the Complaint.

8. Ford admits the allegations contained in Paragraph 8 of the Complaint.

9. Ford states that the allegations regarding the state court's subject matter jurisdiction in Paragraph 9 of the Complaint are irrelevant as this matter was properly removed to this Court. However, Ford admits it does not contest that this Court has subject matter jurisdiction over this lawsuit.

10. Ford states that the allegations regarding the state court's personal jurisdiction over Ford in Paragraph 10 of the Complaint are irrelevant as this matter was properly removed to this Court. However, Ford admits it does not contest that this Court may have specific personal jurisdiction over this lawsuit. Ford denies this Court has general jurisdiction over it in this lawsuit.

11. Ford states that the allegations regarding the state court venue alleged in Paragraph 11 are irrelevant as this matter was properly removed to this Court. However, Ford admits it does not contest that venue is proper in this Court.

12. Ford admits that Plaintiff is an authorized Ford dealer pursuant to its Ford Sales and Service Agreement ("SSA") and denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Ford admits that the SSA governs the contractual relationship between Ford and Plaintiff and that a copy of the SSA is attached to the Complaint as Exhibit A and denies the remaining allegations in Paragraph 13 of the Complaint, as stated.

14. Ford admits the allegations contained in Paragraph 14 of the Complaint, in general, but denies the allegations where they are inconsistent with Minnesota law or the parties' Sales and Service Agreement.

15. Ford denies the allegations contained in Paragraph 15 of the Complaint in the form alleged.

16. Ford admits that a contractual relationship exists between it and Plaintiff as provided in the SSA. Further answering, Ford states that it lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 16 of the Complaint, and therefore denies them.

17. Ford admits that a contractual relationship exists between it and Plaintiff as provided in the SSA. Further answering, Ford states that it lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 17 of the Complaint, and therefore denies them.

18. Ford admits that Plaintiff has made certain upgrades to its facility over the last decade and lacks sufficient information to admit or deny the remaining allegations in Paragraph 18 and therefore denies same.

19. Ford admits that it provided Plaintiff with an informational resource to estimate or approximate investments and potential revenue from enrolling in Ford's voluntary 2022 Model e Electric Vehicle Program (the "Model e Program") but denies that it estimated Plaintiff's "out-of-pocket costs and expenses… will meet or exceed $1.2 million." Further answering, Ford admits that Plaintiff has enrolled in the Model e Program. Ford lacks sufficient information to admit or deny the remaining allegations in Paragraph 19 and therefore denies same.

20. Ford admits that a contractual relationship exists between it and Plaintiff as provided in the SSA. Further answering, Ford states that it lacks sufficient information to admit or deny the remaining allegations contained in Paragraph 16 of the Complaint, and therefore denies them.

21. In accordance with the Sales and Service Agreement and Minnesota law, Ford admits that it provided written notice of its intent to modify Plaintiff's Locality by letter dated November 30, 2022 that was attached as Exhibit B to the Complaint, but otherwise lacks sufficient information to admit or deny the allegation as to when Plaintiff received the letter, and denies the remaining allegations contained in Paragraph 21 of the Complaint.

22. Ford states that its notice of locality change speaks for itself and was sent in accordance with the Sales and Service Agreement and Minnesota law and denies the alleged reason for the proposed locality change, and admits that it intends to approve the appointment of a new Ford dealer in Forest Lake. Ford admits only that a document that purports to be a memorandum is attached to the Complaint as Exhibit C, but that Ford is

not the author or creator of the memorandum, and therefore, cannot admit to its veracity or authenticity. Ford otherwise denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. Ford admits the allegations contained in Paragraph 23 of the Complaint.

24. Ford admits the allegations contained in Paragraph 24 of the Complaint.

25. Ford admits that the November 2022 letter states that the Locality change would be implemented 90 days after Plaintiff's receipt of the notice and denies the remaining allegations contained in Paragraph 25 of the Complaint.

26. Ford admits that Plaintiff sent it a letter dated February 1, 2023, requested that Ford rescind the November notice, and that a copy of this letter was attached to Plaintiff's Complaint as Exhibit E, denies the allegations in the February letter, and denies the remaining allegations contained in Paragraph 26 of the Complaint.

27. Ford admits the allegations contained in Paragraph 27 of the Complaint.

28. Ford admits the allegations contained in Paragraph 28 of the Complaint.

29. Because Paragraph 29 purports to reference a statute and states a legal conclusion, Ford refers to that statute as the best evidence of its contents and denies any characterization of it that conflicts with the contents of the statute and any allegations against Ford that may be contained in Paragraph 29 of the Complaint.

30. Because Paragraph 30 purports to quote a statute, contains a citation to case law and states a legal conclusion, Ford refers to that statute and the cited case law as the best evidence of its contents and denies any characterization of it that conflicts with the

contents of the statute, the opinion or subsequent controlling court decisions, and any allegations against Ford that may be contained in Paragraph 30 of the Complaint.

31. Because Paragraph 31 purports to quote a court decision and states a legal conclusion, Ford refers to the cited case law as the best evidence of its contents and denies any characterization of it that conflicts with the contents of the opinion or subsequent controlling court decisions, and any allegations against Ford that may be contained in Paragraph 31 of the Complaint.

32. Because Paragraph 32 purports to quote a statute Ford refers to that statute as the best evidence of its contents and denies any characterization of it that conflicts with the contents of the statute, and any allegations against Ford that may be contained in Paragraph 32 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(k) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

33. Because Paragraph 33 purports to characterize a statute and unnamed Minnesota court decisions, Ford refers to that statute and any such decisions as the best evidence of their contents and denies any characterization of them that conflict with the contents of the statute or any court decision, and any allegations against Ford that may be contained in Paragraph 33 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(k) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

34. Because Paragraph 34 purports to characterize a court decision and a statute and states a legal conclusion, Ford refers to the cited case law and statute as the best evidence of its contents and denies any characterization of it that conflicts with the contents of the opinion or subsequent controlling court decisions or the statute, and any allegations against Ford that may be contained in Paragraph 34 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(k) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

35. Because Paragraph 35 purports to quote a statute Ford refers to that statute as the best evidence of its contents and denies any characterization of it that conflicts with the contents of the statute, and any allegations against Ford that may be contained in Paragraph 35 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(p) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

36. Because Paragraph 36 purports to quote a statute Ford refers to that statute as the best evidence of its contents and denies any characterization of it that conflicts with the contents of the statute, and any allegations against Ford that may be contained in Paragraph 36 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(k) and (p) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

37. Ford denies the allegations contained in Paragraph 37 of the Complaint.

38. Ford denies the allegations contained in Paragraph 38 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(k) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

39. Ford denies the allegations contained in Paragraph 39 of the Complaint.

40. Ford denies the allegations contained in Paragraph 40 of the Complaint.

41. Ford denies the allegations contained in Paragraph 41 of the Complaint.

42. Ford lacks sufficient information to admit or deny the allegations in Paragraph 42 of the Complaint, and therefore denies them. However, even if the allegations in Paragraph 42 are true, Ford denies it is responsible for any alleged net profits decline.

43. Ford denies the allegations set forth in Paragraph 43 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(k) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

44. Ford denies the allegations contained in Paragraph 44 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(k) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

45. Because Paragraph 45 purports to quote a statute Ford refers to that statute as the best evidence of its contents and denies any characterization of it that conflicts with

the contents of the statute and denies any allegations against Ford that are contained in Paragraph 45 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(p) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

46. Ford lacks sufficient information to admit or deny the allegations in Paragraph 46 of the Complaint, and therefore denies them.

47. Ford denies the allegations contained in Paragraph 47 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(p) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

48. Ford denies the allegations contained in Paragraph 48 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(p) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

49. Ford denies the allegations contained in Paragraph 49 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(p) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

50. Ford denies the allegations contained in Paragraph 50 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(p) of the MVSDA

relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

## CAUSES OF ACTION

### Count I (Violation of Minn. Stat. § 80E.13(k))

51. The responses to the allegations of ¶¶ 1 to 50 are incorporated herein by reference.

52. Because Paragraph 52 purports to characterize a statute, Ford refers to that statute as the best evidence of its content and denies any characterization of it that conflict with the contents of the statute and denies any allegations against Ford that may be contained in Paragraph 52 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(k) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

53. Ford denies the allegations contained in Paragraph 53 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(k) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

54. Ford denies the allegations contained in Paragraph 54 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(k) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

55. Ford denies the allegations contained in Paragraph 55 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(k) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

56. Ford denies the allegations contained in Paragraph 56 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(k) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

### Count II (Violation of Minn. Stat. § 80E.13(p))

57. The responses to the allegations of ¶¶ 1 to 57 are incorporated herein by reference.

58. Because Paragraph 58 purports to characterize a statute, Ford refers to that statute as the best evidence of its content and denies any characterization of it that conflict with the contents of the statute and denies any allegations against Ford that may be contained in Paragraph 58 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(p) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

59. Ford denies the allegations contained in Paragraph 59 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(p) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

60. Ford denies the allegations contained in Paragraph 60, including all subparts, of the Complaint. Further answering, Ford states that any reference to Section 80E.13(p) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

61. Ford denies the allegations contained in Paragraph 61 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(p) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

62. Ford denies the allegations contained in Paragraph 62 of the Complaint. Further answering, Ford states that any reference to Section 80E.13(p) of the MVSDA relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

## Count III (Declaratory Judgment)

63. The responses to the allegations of ¶¶ 1 to 62 are incorporated herein by reference.

64. Ford denies the allegations contained in Paragraph 64 of the Complaint. Further answering, Ford states that any reference to a declaratory judgment relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

65. Ford denies the allegations contained in Paragraph 65 of the Complaint. Further answering, Ford states that any reference to a declaratory judgment relating to the

proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

66. Ford states that the allegation in Paragraph 69 states a legal conclusion to which no response is required, but to the extent that a response is required, Ford denies the allegations in in Paragraph 66 of the Complaint. Further answering, Ford states that any reference to a declaratory judgment relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

67. Ford denies the allegations contained in Paragraph 67, including all subparts, of the Complaint. Further answering, Ford states that any reference to a declaratory judgment relating to the proposed new Ford dealership is irrelevant after this Court's November 30, 2023 Order on Ford's Motion to Dismiss (Doc. 33).

**Count III (Breach of the Covenant of Good Faith and Fair Dealing)**

68. The responses to the allegations of ¶¶ 1 to 67 are incorporated herein by reference.

69. Ford states that the allegation in Paragraph 69 states a legal conclusion to which no response is required, but to the extent that a response is required, Ford denies the allegations in in Paragraph 69 of the Complaint.

70. Ford states that the allegation in Paragraph 70 states a legal conclusion to which no response is required, but to the extent that a response is required, Ford denies the allegations in in Paragraph 70 of the Complaint.

71. Ford states that the allegation in Paragraph 71 states a legal conclusion to which no response is required, but to the extent that a response is required, Ford denies the allegations in in Paragraph 71 of the Complaint.

72. Ford denies the allegations contained in Paragraph 72 of the Complaint.

73. Ford denies the allegations contained in Paragraph 73 of the Complaint.

Ford denies that Plaintiff is entitled to any of the relief requested in its Prayer for Relief contained in the Complaint. Ford further states that every allegation not specifically admitted herein is denied.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FIFTH DEFENSE

Plaintiff has failed to show a sufficient factual and/or legal basis for the judicial declarations it seeks.

## SIXTH DEFENSE

Plaintiff's claims are barred by unclean hands.

Ford reserves the right to assert additional defenses that may be revealed by facts not currently known or available to Ford.

WHEREFORE, Defendant Ford Motor Company denies that Plaintiff is entitled to relief of any kind, and respectfully request the Complaint be dismissed in its entirety with

prejudice, Ford Motor Company be awarded all litigation and other expenses in connection with their defense of this proceeding, including attorney's fees incurred, and such other and further relief as the Court may deem just and proper. Further, Ford demands a jury trial on all issues so triable.

Date: December 14, 2023                                    Respectfully submitted,


                                                                        */s/ Jeremiah J. Wood*
Elizabeth A. McNellie (Admitted *pro hac vice*)
Jeremiah J. Wood (Admitted *pro hac vice*)
**BAKER & HOSTETLER LLP**
200 Civic Center Drive, Suite 1200
Columbus, OH  43215-4138
Telephone:    (614) 228-1541
Facsimile:     (614) 462-2616
emcnellie@bakerlaw.com
jjwood@bakerlaw.com

Sheila T. Kerwin (#220309)
Chelsea E. Vilchis (#402156)
**NILAN JOHNSON LEWIS PA**
250 Marquette Avenue S., Suite 800
Minneapolis, MN 55401
Telephone: (612) 305-7500
Fax: (612) 305-7501
skerwin@nilanjohnson.com
cvilchis@nilanjohnson.com

*Attorneys for Defendant*
*Ford Motor Company*

15

# CERTIFICATE OF SERVICE

This is to certify that on December 14, 2023, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Aaron G. Thomas
Jordan L. Weber
Yuka Shiotani
Taft Stettinius & Hollister LLP
2200 EDS Center
80 South 8th Street
Minneapolis, MN 55402-2210
athomas@taftlaw.com
jweber@taftlaw.com
yshiotani@taftlaw.com

*Attorneys for Plaintiff*
*Anderson & Koch Ford, Inc.*